## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LEANN WILLS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-15-283-KEW |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Plaintiff Leann Wills (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and the case is REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* <u>Williams v. Bowen</u>, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on February 7, 1966 and was 48 years old at the time of the ALJ's decision. Claimant completed her education through the tenth grade. Claimant has worked in the past as a chicken hanger, box maker, and gardener. Claimant alleges an inability to work beginning June 24, 2011 due to limitations resulting from chest pain, COPD, diabetes, neuropathy, and high blood pressure.

**Procedural History**

On November 14, 2012, Claimant protectively filed for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On January 27, 2014, an administrative hearing was held before Administrative Law Judge ("ALJ") Lantz McClain in Tulsa, Oklahoma. He issued an unfavorable decision on March 19, 2014. The Appeals Council denied review of the ALJ's decision on June 4, 2015. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform a full range of sedentary work.

**Errors Alleged for Review**

Claimant asserts the ALJ committed error in (1) failing to afford Claimant her due process rights by failing to make a full and fair inquiry; (2) failing to properly account for all of Claimant's impairments and their limitations at steps four and five; and (3) failing to perform a proper credibility

determination. Claimant also alleges the Appeals Council failed to properly consider the treating physician's opinion and remand the case.

**Consideration of Treating Physician's Opinion
by the Appeals Council**

In his decision, the ALJ found Claimant suffered from the severe impairments of coronary artery disease status post myocardial infarction; hypertension; and non-insulin dependent diabetes mellitus with neuropathy. (Tr. 41). The ALJ determined Claimant retained the RFC to perform a full range of sedentary work. In so doing, he found Claimant was able to occasionally lift/carry ten pounds, frequently up to ten pounds, and stand/walk at least two hours in an eight hour workday and sit at least six hours in an eight hour workday. (Tr. 42). After consulting with a vocational expert, the ALJ concluded that Claimant could perform the representative jobs of assembler and clerical mailer, both of which the ALJ determined existed in sufficient numbers in both the regional and national economies. (Tr. 47). As a result, the ALJ determined Claimant was not under a disability since November 14, 2012, the date the application was filed. Id.

Claimant first contends that the Appeals Council failed to consider the RFC opinion of Claimant's treating physician, Dr. Bradley G. Campbell, as new and material evidence. On September 29, 2014, after the ALJ's decision was issued, Dr. Campbell

authored an RFC form on Claimant's condition.  He opined Claimant could sit for two hours at a time and seven hours in an eight hour workday; stand for one hour at a time and for one hour in an eight hour workday; walk for one hour at a time and for one hour in an eight hour workday; lift/carry up to 10 pounds frequently and 20 pounds occasionally; use both feet for repetitive movements; could not use either hand for repetitive movement to include grasping; could occasionally bend and squat but never crawl or climb; and should not be exposed to unprotected heights or being around moving machinery.  Dr. Campbell also found Claimant could not work on a sustained and continuing basis.  (Tr. 11).

He determined Claimant's impairments would interfere with her ability to engage in work that required a consistent pace of production due to the distraction caused by pain, itching and burning.  The same causes would interfere with Claimant's ability to complete job tasks in a timely manner.  Dr. Campbell estimated that Claimant would be absent from work due to her conditions about three times a month.  However, her medications were not expected to interfere with her ability to concentrate or reason effectively. (Tr. 12).

In he narrative statement, Dr. Campbell stated that Claimant suffered from diabetes with peripheral neuropathy which manifested in pain, burning, and weakness.  He also stated that the condition

6

could improve. He reiterated that Claimant would be limited in any production work. He also stated Claimant was working hard to improve the situation. He recommended weight loss, diet attention, exercise, and smoking cessation. (Tr. 13).

The Appeals Council stated that it considered Dr. Campbell's medical records dated from June 5, 2014 to October 29, 2014 as well as his RFC assessment form dated September 29, 2014. The Council found that the ALJ's decision considered the time period through March 19, 2014 and, therefore, the new information provided did not apply to the relevant period. (Tr. 2).

Additional evidence submitted after the ALJ's decision but before the administrative review by the Appeals Council must be considered if it is new, material, and related to the period on or before the date of the ALJ's decision. Chambers v. Barnhart, 389 F.3d 1139, 1142 (10th Cir. 2004). Whether evidence is "new, material and chronologically pertinent is a question of law subject to our *de novo* review." Threet v. Barnhart, 353 F.3d 1185, 1191 (10th Cir. 2003).

Dr. Campbell's report is both new - it was not before the ALJ when he made his decision - and material - the ALJ's decision might reasonably have been different if the new evidence had been before him when the decision was rendered. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996); Cagle v. Califano, 638 F.2d 219, 221

7

(10th Cir. 1981). Dr. Campbell's RFC statement represents the only functional assessment by a treating physician in the record which reflects Claimant's ability to engage in basic work activities making the report material.

The central issue remains whether Dr. Campbell's assessment - clearly rendered after the ALJ's decision - relates back to the relevant period encompassed by the ALJ's decision. Dr. Campbell's treating relationship with Claimant pre-dates the ALJ's decision of March 19, 2014 and included the conditions to which he attributes Claimant's functional limitations - primarily Claimant's diabetes and associated neuropathy. (Tr. 311, 313, 316, 357-62, 364, 366). Since Dr. Campbell does not specifically restrict his assessment to a period subsequent to the relevant time period, it can reasonably be presumed that his opinion includes the period pre-dating the ALJ's decision. This Court is particularly mindful of the fact that this assessment is provided by a treating physician. On remand, the ALJ shall consider Dr. Campbell's RFC assessment and evaluate any effect the physician's findings may have upon his decision. Should the ALJ have any question as to whether any of Dr. Campbell's findings relate to the relevant period, he should make inquiry into whether his later findings relate back to that period.

**Due Process Considerations**

Claimant contends the ALJ should have ordered a consultative examination with nerve conduction studies as requested by her attorney at the administrative hearing.  Claimant frames this omission as a due process violation precipitated by the ALJ's failure to adequately investigate her physical and mental limitations.  In his decision, the ALJ acknowledged that Claimant's representative requested the consultative examination but concluded that the record was adequately developed and that a consultative examination was unnecessary.  (Tr. 46).

As an initial matter, this Court does not perceive the failure to order a consultative examination as a due process violation. The constitutional requirement for procedural due process applies to social security hearings.  <u>Yount v. Barnhart</u>, 416 F.3d 1233, 1235 (10th Cir. 2005) citing <u>Allison v. Heckler</u>, 711 F.2d 145, 147 (10th Cir. 1983).  However, Claimant is confusing due process with the ALJ's duty to develop the record.  Typically, a due process argument is made when an ALJ utilizes post-hearing evidence without affording a claimant a hearing to cross-examine or challenge the evidence.  <u>Id</u>.  The failure to obtain a further consultative examination or more testing does not rise to a constitutional deprivation.

Generally, the burden to prove disability in a social security

9

case is on the claimant, and to meet this burden, the claimant must furnish medical and other evidence of the existence of the disability. Branam v. Barnhart, 385 F.3d 1268, 1271 (10th Cir. 2004) citing Bowen v. Yuckert, 482 U.S. 137, 146 (1987). A social security disability hearing is nonadversarial, however, and the ALJ bears responsibility for ensuring that "an adequate record is developed during the disability hearing consistent with the issues raised." Id. quoting Henrie v. United States Dep't of Health & Human Services, 13 F.3d 359, 360-61 (10th Cir. 1993). As a result, "[a]n ALJ has the duty to develop the record by obtaining pertinent, available medical records which come to his attention during the course of the hearing." Id. quoting Carter v. Chater, 73 F.3d 1019, 1022 (10th Cir. 1996). This duty exists even when a claimant is represented by counsel. Baca v. Dept. of Health & Human Services, 5 F.3d 476, 480 (10th Cir. 1993). The court, however, is not required to act as a claimant's advocate. Henrie, 13 F.3d at 361.

The duty to develop the record extends to ordering consultative examinations and testing where required. Consultative examinations are used to "secure needed medical evidence the file does not contain such as clinical findings, laboratory tests, a diagnosis or prognosis necessary for decision." 20 C.F.R. § 416.919a(2). Normally, a consultative examination is required if

> (1) The additional evidence needed is not contained in the records of your medical sources;
>
> (2) The evidence that may have been available from your treating or other medical sources cannot be obtained for reasons beyond your control, . . .
>
> (3) Highly technical or specialized medical evidence that we need is not available from your treating or other medical sources;
>
> (4) A conflict, inconsistency, ambiguity or insufficiency in the evidence must be resolved, and we are unable to do so by recontacting your medical source; or
>
> (5) There is an indication of a change in your condition that is likely to affect your ability to work.
>
> 20 C.F.R. § 416.909a(2)(b).

None of these bases for ordering a consultative examination exists in the record. The ALJ did not violate his duty to develop the record by not ordering further medical evaluations.

### Step Four and Five Determinations

Claimant contends the ALJ failed to include the limitations from her severe impairments into the RFC and the hypothetical questioning of the vocational expert. Claimant asserts the ALJ failed to account for her neuropathy in the RFC. "[R]esidual functional capacity consists of those activities that a claimant can still perform on a regular and continuing basis despite his or her physical limitations." White v. Barnhart, 287 F.3d 903, 906 n.

11

2 (10th Cir. 2001). A residual functional capacity assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence." Soc. Sec. R. 96-8p. The ALJ must also discuss the individual's ability to perform sustained work activities in an ordinary work setting on a "regular and continuing basis" and describe the maximum amount of work related activity the individual can perform based on evidence contained in the case record. Id. The ALJ must "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." Id. However, there is "no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question." Chapo v. Astrue, 682 F.3d 1285, 1288 (10th Cir. 2012)

Claimant has been found to have decreased sensation in her extremities. (Tr. 327). Moreover, Dr. Campbell's assessment which this Court has ordered to be considered on remand indicates Claimant can only engage in walking/standing for one hour in an eight hour workday. (Tr. 10). As a result, the ALJ shall re-evaluate his RFC findings after consideration of Dr. Campbell's assessment on remand.

Claimant also asserts the ALJ should have considered the

12

effects of her pain stemming from headaches, chest pains, and COPD as non-severe impairments. Nothing in the record supports Claimant's subjective allegations of significant pain stemming from her headaches. She has reported to treating physicians that she experienced headaches once per week. (Tr. 366). She stated at the hearing that she took Tylenol and covered her head to treat the condition. (Tr. 67). The nature, extent, and severity of Claimant's chest pains also are not supported by the medical record. Only isolated references appear in the record to Claimant suffering from COPD. No functional limitation was reported from this condition.

The focus of a disability determination is on the functional consequences of a condition, not the mere diagnosis. See e.g. <u>Coleman v. Chater</u>, 58 F.3d 577, 579 (10th Cir. 1995)(the mere presence of alcoholism is not necessarily disabling, the impairment must render the claimant unable to engage in any substantial gainful employment.); <u>Higgs v. Bowen</u>, 880 F.2d 860, 863 (6th Cir. 1988)(the mere diagnosis of arthritis says nothing about the severity of the condition), <u>Madrid v. Astrue</u>, 243 Fed.Appx. 387, 392 (10th Cir. 2007)(the diagnosis of a condition does not establish disability, the question is whether an impairment significantly limits the ability to work); <u>Scull v. Apfel</u>, 221 F.3d 1352 (10th Cir.

13

2000)(unpublished), 2000 WL 1028250, 1 (disability determinations turn on the functional consequences, not the causes of a claimant's condition). References in the record to these conditions is insufficient to require the ALJ to include limitations for them.

As for Claimant's assertion that the ALJ should have assessed her mental impairments, the briefing represented the first time this issue was asserted. Claimant denied that either her medications or any of her symptoms affected her mental ability. (Tr. 71). This assertion is without substantiation.

**Credibility Determination**

The ALJ found Claimant was not "entirely credible." (Tr. 44). He based this conclusion on the inconsistencies between Claimant's stated restrictions and activities and statements to her treating physicians. (Tr. 44-46). He also set out in considerable detail the extent to which Claimant's allegations were not supported by the objective medical record. Id. In discounting Claimant's testimony, the ALJ relied upon Claimant's inconsistent and weak work history. (Tr. 45). He found Claimant to be non-compliant with treatment. Id.

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68

14

F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id.

Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3.

An ALJ cannot satisfy his obligation to gauge a claimant's credibility by merely making conclusory findings and must give reasons for the determination based upon specific evidence. Kepler, 68 F.3d at 391. However, it must also be noted that the ALJ is not required to engage in a "formalistic factor-by-factor

15

recitation of the evidence." Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000). This Court finds that the ALJ's findings on credibility are affirmatively linked to the objective record and is supported by substantial evidence.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED** for further proceedings consistent with this Opinion and Order.

IT IS SO ORDERED this 8th day of September, 2016.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE